UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS PONCHIK,

    Plaintiff,

v.                                          Case No. 05-C-0202

STATE OF WISCONSIN, *et al.*,

    Defendants.

## ORDER

    Plaintiff Thomas Ponchik, who is incarcerated at the Green Bay Correctional Institution (GBCI), filed a civil complaint in the Brown County Circuit Court, alleging that he suffered "detrimental health problems ... including the development of conditions known as Myopathy and Rhabdonyolysis [sic]" (Compl. ¶ 20), as a result of the interaction of two different medications he was given by GBCI staff.[1] The complaint alleges that the pharmacy that dispensed the medications warned GBCI of the danger of severe health risks associated with taking both medications at the same time but that the prison physicians and staff failed to adhere to the warnings and take proper steps to guard against the risk. As a result, Ponchik claims he has suffered and will continue to suffer significant mental and physical pain which has required and will continue to require medical care and treatment.

---

[1] Myopathy is a disorder of the muscle tissue or muscles. Rhabdomyolysis is the destruction or degeneration of skeletal muscle tissue (as from traumatic injury, excessive exertion, or stroke) that is accompanied by the release of muscle cell contents (as myoglobin and potassium) into the bloodstream resulting in hypovolemia, hyperkalemia, and sometimes acute renal failure. *See* http://www2.merriam-webster.com/cgi-bin/mwmednlm.

Ponchik named as defendants Jeananna Hertel, Westscot Krieger, Richard Heindorn, and Michael Schliesleder, all state employees assigned to GBCI, claiming that all were negligent in various respects in providing him medical care and treatment and in failing to take proper precautions to protect him from adverse interaction of his medications. Ponchik also named Warden Bertrand as a defendant, claiming that he also was negligent in providing care and treatment and, in addition, that Warden Bertrand failed to enact policies to insure inmates received adequate medical care. Finally, Warden Bertrand and Michael Schliesleder, who is a registered nurse, were alleged to have violated Ponchik's Eighth Amendment rights by subjecting him to cruel and unusual punishment. The State of Wisconsin is also sued as the employer of the individual defendants under the theory of respondeat superior.

Defendants removed the case to this court on February 18, 2005, where, upon its initial screening, the court dismissed plaintiff's federal claims against the State on Eleventh Amendment grounds. Defendants have now moved to dismiss all of plaintiff's remaining state law claims for failing to comply with Wisconsin's notice of claim statute, which would leave only his federal claims against Defendants Bertrand and Schliesleder.[2] Plaintiff has not responded to the motion. For the following reasons, defendants' motion will be granted.

Wisconsin's notice of claims statute, Wis. Stat. § 893.82(3), forbids claims against officers, employees or agents of the state

---

[2]Count 8 of plaintiff's complaint alleges that the State of Wisconsin and Defendants Dan Bertrand and Michael Schliesleder violated the Constitution by denying him necessary and essential medicines. Plaintiff alleges that this constituted cruel and unusual punishment. (Compl. ¶¶ 51-52.) Defendant Bertrand is the Warden of GBCI, and defendant Schliesleder is a registered nurse employed at GBCI by the State of Wisconsin. (Compl. ¶¶ 4, 12.)

2

> unless within 120 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim for the injury, damage or death and the names of persons involved, including the name of the state officer, employee or agent involved.

Defendants point out that plaintiff failed to allege compliance with the statute in his complaint. Defendants further note that plaintiff did not, in fact, comply with the statute, except perhaps with respect to his claims against Defendants Krieger and Schliesleder. (Sullivan Aff., Exs. A-B.) A plaintiff must comply with the statute whether he sues in federal court or state court. *Weinberger v. State of Wisconsin*, 105 F.3d 1182, 1187-88 (7th Cir. 1997); *West v. Macht*, 235 F. Supp. 2d 966, 971 (E.D. Wis. 2002). Moreover, a plaintiff must plead in his complaint that he has complied with the statute. *Elm Park Iowa, Inc. v. Denniston*, 286 N.W.2d 5,8 (Wis. Ct. App. 1979). Because plaintiff has not done so, his state law claims against the individual defendants must be dismissed.

The court did not address plaintiff's state law claims against the State in its screening order. Defendants argue, correctly, that these claims are barred by the State's sovereign immunity just as plaintiff's federal claims against the State are. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984). As a result, they must be dismissed.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss is hereby **GRANTED.** All plaintiff's claims are **DISMISSED**, with the exception of his federal claims against Defendants Bertrand and Schliesleder.

Dated this   21st   day of November, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge