UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS PONCHIK,

    Plaintiff,

v.                                                                      Case No. 05-C-0202

STATE OF WISCONSIN, *et al.*,

    Defendants.

**MEMORANDUM AND ORDER**

    Plaintiff Thomas Ponchik, who is incarcerated at the Green Bay Correctional Institution (GBCI), filed a civil complaint in the Brown County Circuit Court, alleging that he suffered "detrimental health problems . . . including the development of conditions known as Myopathy and Rhabdonyolysis [sic]" (Compl. ¶ 20), as a result of the interaction of two different medications he was given by GBCI staff. The complaint alleges that the pharmacy that dispensed the medications warned GBCI of the danger of severe health risks associated with taking both medications at the same time but that the prison physicians and staff failed to adhere to the warnings and take proper steps to guard against the risk. As a result, Ponchik claims he has suffered and will continue to suffer significant mental and physical pain which has required and will continue to require medical care and treatment.

    Plaintiff's complaint makes out causes of action against the defendants under both federal and state law. In its Order of November 21, 2005, the court dismissed all of plaintiff's state claims.

As to the individual defendants,[1] the court held that plaintiff had not pled that he had given notice of his claims pursuant to Wis. Stat. § 895.82(3),[2] and that he had not in fact given notice of his claims against any of the defendants with the possible exceptions of Defendants Krieger and Schliesleder.

Plaintiff argues that insofar as the Wisconsin Court of Appeals in *Elm Park Iowa, Inc. v. Denniston*, 286 N.W.2d 5 (Wis. Ct. App. 1979), held that a plaintiff must plead compliance with Wis. Stat. § 893.82(3) in his complaint, its holding was contrary to the Wisconsin Supreme Court's holding in *Majerus v. Milwaukee County*, 159 N.W.2d 86 (Wis. 1968). The Wisconsin Supreme Court held in *Majerus* that the plaintiff did not have to plead compliance with former Wis. Stat. § 895.43[3] to maintain an action against the state Armory Board. The Wisconsin Court of Appeals,

---

[1] Plaintiff's claims against the State of Wisconsin were dismissed on grounds of sovereign immunity, and the State is no longer a party to this case.

[2] "[N]o civil action or civil proceeding may be brought against any state officer, employee or agent for or on account of any act growing out of or committed in the course of the discharge of the officers, employees or agents duties, and no civil action or civil proceeding may be brought against any nonprofit corporation operating a museum under a lease agreement with the state historical society, unless within 120 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim for the injury, damage or death and the names of persons involved, including the name of the state officer, employee or agent involved."

[3] "(1) No action founded on tort, except as provided in s. 345.05, shall be maintained against any volunteer fire company organized under ch. 213, political corporation, governmental subdivision or agency thereof nor against any officer, official, agent or employe of such corporation, subdivision or agency for acts done in their official capacity or in the course of their agency or employment unless within 120 days after the happening of the event causing the injury or damage or death complained of, written notice of the time, place and circumstances of the injury or damage signed by the party, his agent or attorney is served on such volunteer fire company, political corporation, governmental subdivision or agency and on the officer, official, agent or employe under s. 262.06. Failure to give the requisite notice shall not bar action on the claim if the fire company, corporation, subdivision or agency had actual notice of the damage or

2

however, explicitly distinguished *Majerus* on the grounds that former Wis. Stat. § 895.43–the statute involved in *Majerus*–was a "notice of injury" statute, while Wis. Stat. § 895.45–the predecessor to Wis. Stat. § 895.82(3)–was a "notice of claim" statute. *Elm Park Iowa*, 286 N.W.2d at 729-731. "Where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *West v. AT&T*, 311 U.S. 223, 237 (1940). Plaintiff provides no such data here.

Plaintiff's argument on reconsideration fails for a more fundamental reason, though. The Wisconsin Court of Appeals held in *Elm Park Iowa* that compliance with Wis. Stat. § 895.82(3) is a condition precedent to a claim against a state officer. *Id.* at 730 ("There must be a notice of claim and disallowance as a condition precedent before a civil action or proceeding can be brought under [Wis. Stat. § 895.82(3)]."). Fed. R. Civ. P. 9(c) requires pleading of the performance of conditions precedent. *Redfield v. Continental Cas. Corp.*, 818 F.2d 596, 610 (7th Cir. 1987) ("Our inspection of the amended complaint reveals that it contains no allegation, either general or specific, regarding the performance of all conditions precedent. Absent such an allegation, the amended complaint fails to state a cause of action . . . . The appropriate remedy for a plaintiff's failure to allege compliance with conditions precedent is dismissal without prejudice."). The federal rules thus require dismissal of plaintiff's state law claims whether or not such dismissal would be required by the rules of

---

injury and the injured party shows to the satisfaction of the court that the delay or failure to give the requisite notice has not been prejudicalto the defendant fire company, corporation, subdivision or agency or to the defendant officer, official, agent or employe[e]."

3

pleading applicable in the Wisconsin state courts. Accordingly, the court declines to reconsider its Order of November 21, 2005.

Endeavoring to correct the problems with his original complaint, plaintiff has moved for leave to file an amended complaint. Plaintiff seeks to revive his state law claims by pleading compliance with Wis. Stat. § 895.82(3). Plaintiff also seeks to add an Eighth Amendment claim against Dr. Krieger. Fed. R. Civ. P. 15(a) requires plaintiff to secure leave of this court to amend, but provides that such leave "shall be freely given when justice so requires." While the matter is entrusted to the sound discretion of the district court, the Supreme Court has held that

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendants argue that they will be prejudiced by allowance of the amended complaint because they have been litigating under the assumption that plaintiff's state law claims are no longer in the case, and that there is no claim against Dr. Krieger. Defendants note that the discovery cutoff (February 15, 2006) and the dispositive motion deadline (March 1, 2006) are rapidly approaching. Other than a lack of time to prepare for trial, however, defendants do not identify any prejudice that would result from allowance of the amendment.[4]

---

[4] The court notes that it recently granted a motion to permit deposition questions of Dr. Krieger concerning his actions in this case.

Defendants' position is not without some merit. Plaintiff's ongoing failure to comply with the Local Rules, (most recently, counsel's failure to attach a copy of her proposed amended pleading with her motion for leave to amend as required by Civil L.R. 15.1), causes inconvenience and delay to the defendants and the court. In addition, review of her proposed amended complaint (after it was belatedly presented) reveals that counsel has continued to assert claims against the State of Wisconsin, notwithstanding the fact that this court has already dismissed all such claims on grounds of Eleventh Amendment and sovereign immunity. No reason is provided as to why such claims should be resurrected at this point. And even at this late date when discovery is all but over, counsel has persisted in naming not less than six fictitious insurance companies as potential parties in the case.

Despite these difficulties and frustrations, however, I conclude that plaintiff's motion should be granted. The injury alleged is serious and if the facts alleged are true, it appears one or more of the defendants may have been at least negligent in providing medical care to plaintiff. The failure to plead compliance with Wisconsin's notice of claim statute is a technical pleading requirement easily cured by amendment. As noted above, the appropriate remedy for a plaintiff's failure to plead compliance with a condition precedent is dismissal with leave to plead over. *Redfield*, 818 F.2d at 610. And it appears from plaintiff's proposed complaint that the Eighth Amendment claim she seeks to assert against Dr. Krieger is based on essentially the same allegations underlying the state medical malpractice claim. Although plaintiff would have been on more solid ground had she moved to amend in response to defendants' motion to dismiss or immediately upon receiving this court's order, I am satisfied that the scheduling order can be modified to avoid any prejudice to the defendants. I find no evidence that plaintiff's request to amend is motivated by any of the improper

5

reasons cited by the Court in *Foman*. Accordingly, the court will grant leave to amend. But all claims against the State of Wisconsin and the fictitious insurance companies are summarily dismissed.

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration (Docket #35) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to amend (Docket #39) is **GRANTED.** The clerk is to file the proposed amended complaint forthwith and defendants shall have twenty (20) days from the date of filing to answer or otherwise respond to those claims that have not been summarily dismissed.

**IT IS ALSO ORDERED** that defendants' motion to strike (Docket #49) is **DENIED.** Plaintiff's claims against the State of Wisconsin and the fictitious insurance companies are, however, summarily **DISMISSED.**

**FINALLY, IT IS ORDERED** that the Scheduling Order in this case is modified in that the dates for completion of discovery and filing of dispositive motions are vacated. The court shall set this matter for a Rule 16 telephone conference for the purpose of further amending the order as may be necessary.

Dated this   16th   day of February, 2006.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge

6

Case 1:05-cv-00202-WCG   Filed 02/16/06   Page 6 of 6   Document 53