UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS PONCHIK,

    Plaintiff,

v.                                                 Case No. 05-C-0202

STATE OF WISCONSIN, *et al.*,

    Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Thomas Ponchik, who is incarcerated at the Green Bay Correctional Institution (GBCI), filed a civil complaint in the Brown County Circuit Court, alleging that he suffered "detrimental health problems . . . including the development of conditions known as Myopathy and Rhabdonyolysis [sic]" (Compl. ¶ 20), as a result of the interaction of two different medications he was given by GBCI staff, including defendants. Plaintiff alleged that defendants' actions violated both the Constitution and Wisconsin law. Defendants removed the case to this court, which thereafter dismissed plaintiff's state law claims because he had failed to plead compliance with Wisconsin's notice-of-claims statute, Wis. Stat. § 893.82, as required by *Elm Park Iowa, Inc. v. Denniston*, 286 N.W.2d 5 (Wis. Ct. App. 1979), and Fed. R. Civ. P. 9(c). (Order of November 21, 2005.) The court denied plaintiff's motion to reconsider this ruling, but permitted him to file an amended complaint correcting the pleading deficiency. Plaintiff has now done so, and defendants have moved to dismiss the amended complaint based on plaintiff's actual failure to comply with the

notice of claims statute.[1] For the following reasons, defendants' motion will be granted in part and denied in part.

>   Wis. Stat. § 893.82(3) provides that
>
>   no civil action or civil proceeding may be brought against any state officer, employee or agent for or on account of any act growing out of or committed in the course of the discharge of the officer's, employee's or agent's duties . . . unless within 120 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim for the injury, damage or death and the names of persons involved, including the name of the state officer, employee or agent involved.

The statute requires that the employees against whom the claim is made be identified by name. *Modica v. Verhulst*, 536 N.W.2d 466, 473 (Wis. Ct. App. 1995); *Protic v. Castle Co.*, 392 N.W.2d 119, 122 (Wis. Ct. App. 1986), *abrogated on other grounds by Bicknese v. Sutula*, 660 N.W.2d 289 (Wis. 2003). Any plaintiff who asserts state law claims against state employees must comply with the statute, even if he sues in federal court. *Weinberger v. State of Wisconsin*, 105 F.3d 1182, 1187-88 (7th Cir. 1997); *West v. Macht*, 235 F. Supp. 2d 966, 971 (E.D. Wis. 2002). Strict compliance with the statute's terms is required. Wis. Stat. § 893.82(2m); *Newkirk v. Wisconsin Department of Revenue*, 598 N.W.2d 610, 612 (Wis. Ct. App. 1999) ("The requirements of the statute are not general guidelines: they are rules that must be adhered to with exact care.")

Plaintiff's notice of claim identifies GBCI as the place of his injury. It states that the claim is against Jeananna Hertel, Michael Schliesleder, Wescott [sic] Krieger, and various non-parties. The notice of claim gives the following description of the claim:

---

[1] Because matters outside the pleadings–namely, plaintiff's notice of claim–have been presented to the court, the motion is technically one for summary judgment under Fed. R. Civ. P. 12(b).

2

> On Decemebr [sic] 15, 2003 Dr. Wescott [sic] Krieger prescribed the drug Ketoconozole [200 mg] for Tom Ponchik. At the time Ponchik was taking the following drugs: Diltiazem, Glipizide, Atenolol, Potassium, Metformin, Levothyroxine, Furosemide, Enalapril, Atorvastain, and Indomethacin.
>
> On 12/17/03 a pharmacist working at the central pharmacy located at the Dodge Correctional Institution wrote a two page memorandum to Dr. Krieger warning him about the drug interactions of the Ketoconozole and the Atorvastatin. This warning was ignored by the medical staff at the Green Bay facility. The pharmacy refused to notify Ponchik about this drug interaction even though he is the patient. On/about 1/14/04 Ponchik saw Michael Schliesleder and at that time Ponchik requested that he be allowed to review the 12/17/03 memorandum written to Dr. Krieger and this request was denied.
>
> Ponchik was placed on this drug combination for 2 weeks. He was provided two tablets of Ketoconozole, as this was prescribed for him once a week. No staff has ever contacted Ponchik about this drug interaction and Ponchik contracted Rhabdomyolosis. Ponchik suffers from muscle tenderness, weakness of the muscles, joint pain and dark urine which is no longer present when Ponchik urinates. Ponchik has a hard time walking up stairs and on 2/9/04 he was written a medical restriction by a physician that Ponchik be housed only on the lower floor. Ponchik also has been written a medical authorization for knee pads. Ponchik also uses an ointment and takes Indomethacin for the joint pain and muscle aching.
>
> At a date unknown to Ponchik some unknown party tampered with his medical file. Somebody removed the 2 page memorandum from the central pharmacy and destroyed it in violation of institution rules and Wisconsin state statutes. This act is criminal.
>
> On 2/15/04 Ponchik sent an "open records" request to the central pharmacy and this request was not complied with as whoever responded to this lawful request did not produce documents that Ponchik is lawfully entitled to.

(Sullivan Aff., Ex. A.)

Plaintiff concedes that he did not give notice of any claim against Defendant Heidorn. Nor, contrary to plaintiff's assertions, does the notice of claim name Defendant Bertrand. Plaintiff's state law claims against Defendants Bertrand and Heidorn will therefore be dismissed.[2]

---

[2] While plaintiff has re-alleged a state law claim against the State of Wisconsin, he also concedes that the court properly dismissed any such claim in its Order of November 21.

3

Defendants also argue that plaintiff's state law claims against Defendants Hertel and Schliesleder should be dismissed. Defendants cite *Protic*, in which the Wisconsin Court of Appeals held that a notice of claim that merely incorporated various hospital records did not satisfy the requirements of § 893.82 as to the attending physicians and nurses named in those records. The court explained that "[t]he attorney general's efforts to investigate would be hindered if it were necessary to sift through medical records to determine who attended Protic and then speculate as to which employees were potential defendants." *Protic*, 392 N.W.2d at 122. Here, by contrast, plaintiff's notice of claim identifies Hertel and Schliesleder as potential defendants. It makes clear that they are part of the "medical staff at the Green Bay facility" who allegedly ignored the memo warning about adverse drug interactions. Because it was possible for the attorney general to determine from the notice of claim that plaintiff was asserting a medical malpractice claim against Defendants Hertel and Schliesleder, the court declines to dismiss the state law claims against them.

Defendants also argue that based on the notice of claim, plaintiff should only be allowed to proceed on claims that Ketoconozole was negligently prescribed–not on claims that defendants failed to monitor plaintiff after the drug was prescribed, failed to treat plaintiff after he began to suffer adverse drug interactions, or failed to obtain plaintiff's informed consent. While plaintiff did not use the terms "failure to monitor" or "failure to treat" in his notice of claim, the notice describes a continuing course of treatment during which defendants failed to address the adverse drug interactions from which plaintiff was suffering. Section 893.82(3) requires the notice of claim to state "the time, date, location and the circumstances of the event giving rise to the claim for the injury;" it does not require the plaintiff to state in detail, using a lawyer's language, his theory of recovery. Theories of recovery based on defendants' failure to monitor or failure to treat fall within

4

plaintiff's description of the "circumstances" of the claim. So, too, it is not inconceivable that defendants' alleged failure to inform plaintiff about the possibility of adverse drug interactions once defendants received the pharmacy's memo constituted negligence. *Schreiber v. Physicians Ins. Co. of Wisconsin*, 588 N.W.2d 26, 33 (Wis. 1999) ("[A] substantial change in circumstances, be it medical or legal, requires a new informed consent discussion."). Accordingly, the court declines to limit plaintiff to one theory of negligence at this juncture.

**IT IS THEREFORE ORDERED** that defendants' motion to dismiss (Docket #58) is **GRANTED** with respect to plaintiff's state law claims against the State of Wisconsin and Defendants Bertrand and Heidorn. Defendants' motion is otherwise **DENIED.**

The clerk shall set this matter for a Rule 16 telephone conference for scheduling purposes.

Dated this  12th  day of April, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
